# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 1300

# LAUREEN OLSON

# VERSUS

# LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD

**Judgment Rendered:** JUN 2 6 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 652,921

Honorable R. Michael Caldwell, Judge Presiding

* * * * * *

| | |
|---|---|
| J. Lomax Jordan, Jr.<br>Lafayette, Louisiana | Counsel for Plaintiff/Appellant,<br>Laureen Olson |
| Stephanie B. Laborde<br>Benjamin M. Chapman<br>Jacob J. Chapman<br>Baton Rouge, Louisiana | Defendant/Appellee,<br>Louisiana Patient's Compensation<br>Fund Oversight Board |

* * * * * *

**BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.**

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**BURRIS, J.**

The plaintiff, Laureen Olson, appeals from the trial court's May 17, 2019 judgment that sustained an exception of prescription filed by the Louisiana Patient's Compensation Fund Oversight Board ("Board"). The judgment also dismissed the claims made the subject of the Board's exception for lack of subject matter jurisdiction, which the trial court raised on its own motion. For the reasons that follow, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

In February 2011, Ms. Olson filed a medical malpractice action against her allegedly negligent medical provider and its insurer in the 15th Judicial District Court. The parties eventually reached a settlement; however, the Board objected, and the trial court refused to approve the agreement. The settlement was eventually perfected, after the Third Circuit Court of Appeal reversed the trial court's ruling and held that the Board lacked standing to challenge the agreement. See **Olson v. Toce**, 2017-36 (La. App. 3rd Cir. 6/7/17), 222 So.3d 775, 781.

As a result of the Board's objection to the settlement, Ms. Olson filed the instant suit against the Board and its members seeking declaratory relief and monetary damages. Ms. Olson alleged that the defendants violated the Medical Malpractice Act and arbitrarily and capriciously failed to promptly and fairly settle her malpractice claims. Ms. Olson subsequently amended her petition to assert a cause of action for excess damages against the Louisiana Patient's Compensation Fund and the medical provider, as a nominal defendant.

The Board filed an exception of prescription in March 2019, arguing that Ms. Olson's claim for excess damages was prescribed. Ms. Olson opposed the exception. Following a hearing on May 6, 2019, the trial court sustained the Board's exception of prescription and further found, on its own motion, that it lacked subject matter jurisdiction over Ms. Olson's claim for excess damages as a result of Ms. Olson's failure to follow the mandatory procedures set forth in the

2

Medical Malpractice Act.[2]  A judgment memorializing both rulings was signed on May 17, 2019.  Ms. Olson filed the instant appeal, challenging both reasons for dismissal.[3]

On October 4, 2019, this court, *ex proprio motu*, issued an order directing the parties to show cause why the appeal should not be dismissed, because the judgment appears to be a partial judgment not designated as final for purposes of an immediate appeal.  The judgment does not contain the required designation of finality required by La. Code Civ. P. art. 1915(B), and the record does not contain the trial court's explicit reasons as to whether there is no just reason for delay.[4]

The judgment pertinently states:

> The Court, considering the law, evidence, and argument of the parties, and for the reasons provided in oral reasons for judgment provided at the hearing, ruled that the Exception of Prescription filed on behalf of the Louisiana Patient's Compensation Fund Oversight Board is hereby **SUSTAINED**.

> Further, on the Court's own Motion, considering the law, evidence, and argument of the parties, and the reasons provided in the oral reasons for judgment provided at the hearing, the Court ruled that the Court lacked Subject Matter Jurisdiction over the claims subject to the Exception of Prescription.

> Accordingly,

> **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Plaintiff's claims asserted in her *First Amended Petition for Damages for Breach of Duties and for Excess Damages in Medical Malpractice* be and they are hereby **DISMISSED**.

---

[2]  Particularly, La. R.S. 40:1231.4(C) provides that, if the health care provider's insurer agrees to settle its liability on a claim against its insured, as the insurer did here, and the claimant demands an amount in excess thereof from the Patient's Compensation Fund for a complete and final release, as Ms. Olson does, then a petition "shall be filed by the claimant with the court in which the action is pending against the health care provider..." seeking approval of an agreed settlement and demanding payment of damages from the Patient's Compensation Fund. The trial court concluded that the 15th Judicial District Court has subject matter jurisdiction as the court in which the action was initially filed against the health care provider.

[3]  In her appeal brief, Ms. Olson also assigns error to the trial court's ruling on the Board's exception of no cause of action; however, this judgment is not before the court and may not be considered as part of this appeal.

[4]  The show cause order was referred to this panel to consider in conjunction with the assigned appeal.

In response to the show cause order, Ms. Olson asserts that all causes of action against all defendants have now been dismissed; therefore, La. Code Civ. P. art. 1915 should not apply. We decline to address the merits of Ms. Olson's arguments, because, after our thorough review of the record and examination of the judgment at issue, we find the judgment lacks the requisite decretal language and is, therefore, not final and appealable.

## JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte,* even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Co., Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046. This court's jurisdiction extends only to final judgments. **Contin-U-Care Outreach Services, LLC v. Gee**, 2018-1530 (La. App. 1st Cir. 5/31/19), 278 So.3d 1001, 1004.

Louisiana Code of Civil Procedure art. 2083(A) provides that a final judgment is appealable in all causes in which appeals are given by law. Per La. Code Civ. P. art. 1841, a judgment that determines the merits in whole or in part is a final judgment; in contrast, a judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.

A valid judgment must be "precise, definite, and certain." **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. Moreover, a final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. These determinations should be evident from the language of the judgment without reference to other documents in the record. In the absence of a valid final judgment, this court lacks subject matter jurisdiction, and the appeal should be dismissed. **Id.**

The trial court's May 17, 2019 judgment purports to dismiss some of Ms. Olson's claims as prescribed and also on the basis that the trial court did not have

4

subject matter jurisdiction over those claims. However, it cannot be determined from the language of the judgment which claims were dismissed without reference to the plaintiff's "First Amended Petition for Damages for Breach of Duties and for Excess Damages in Medical Malpractice." Because it cannot be determined from the judgment itself which claims were dismissed, there is no final, appealable judgment before us. See **Contin-U-Care Outreach Services, LLC**, 278 So.3d at 1004; **Advanced Leveling & Concrete Solutions**, 268 So.3d at 1046. Consequently, this court lacks appellate jurisdiction to review this matter and must dismiss this appeal.[5]

## CONCLUSION

For the foregoing reasons, we dismiss the appeal. We decline to assess costs pending the rendition of a final judgment.

**APPEAL DISMISSED.**

---

[5] We recognize this court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. However, when the jurisdictional defect lies in the non-finality of a judgment, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. Accordingly, we decline to exercise our discretion to convert this appeal of a judgment that is not final for lack of decretal language to an application for supervisory writs. **Kelley v. Estate of Kelley**, 2019-1044 (La. App. 1st Cir. 2/21/20), ---So.3d ---, 2020 WL 862598, *2, n. 1.